1  SNELL & WILMER L.L.P.
   Matthew L. Lalli (SBN 137927)_
2  mlalli@swlaw.com
   15 West South Temple, Suite 1200
3  Gateway Tower West
   Salt Lake City, Utah 84101
4  Telephone:   801.257.1900
   Facsimile:   801.257.1800
5
   Alina Mooradian (SBN 245470)
6  amooradian@swlaw.com
   600 Anton Boulevard, Suite 1400
7  Costa Mesa, CA  92626-7689
   Telephone:   714.427.7000
8  Facsimile:   714.427.7799

9  Attorneys for Petitioner
   The Buckner Company, Inc.
10
                    IN THE UNITED STATES DISTRICT COURT
11
                   FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13
   THE BUCKNER COMPANY, INC.,              CASE NO. 2:16-cv-01698-DSF-PJW
14
            Petitioner,                    Judge Dale S. Fischer
15
   vs.
16                                         **PETITIONER THE BUCKNER
   TRISHAN AIR, INC, and KERRY             COMPANY, INC.'S AMENDED
17 ACQUISITIONS, LLC,                      APPLICATION FOR SEAL ORDER RE
                                           SETTLEMENT AGREEMENT AND
18          Respondents.                   FINAL AWARD**

19                                         *[Filed concurrently with Declaration of M. Lalli ISO*
                                           *Application for Seal Order; and [Proposed] Order]*
20

21
          Petitioner The Buckner Company, Inc. ("TBC") applies to the Court for an order,
22
   pursuant to Local Rule 79-5.2.2 to permit the filing under seal of the Settlement
23
   Agreement between Trishan Air, Inc. ("Trishan"), Kerry Acquisitions, LLC ("Kerry"),
24
   The Buckner Company, Inc. ("TBC") and David Wittwer ("Wittwer"), as well as the Final
25
   Arbitration Award issued on June 11, 2015 by the Honorable Irma E. Gonzalez. (ret.) for
26
   purposes of obtaining confirmation of the Arbitration Award.
27

28

PETITIONER'S AMEND. APP FOR SEAL ORDER RE SETTLEMENT AGREEMENT

21581617.1

1  A declaration establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and informing the Court whether anyone opposes the Application is filed concurrently herewith pursuant to L.R. 79-5.2.2(a)(i).

A proposed order, narrowly tailored to seal only the sealable material, and listing in table form each document or portion thereof to filed under seal, is filed concurrently herewith pursuant to L.R. 79-5.2.2(a)(ii) and 5-4.4.

True and correct redacted copies of the document(s) to be filed under seal are herewith pursuant to L.R. 79-5.2.2(a)(iii).

True and correct unredacted copies of the document(s) have been lodged with the Court pursuant to L.R. 79-5.2.2(a)(iv).

## BACKGROUND FACTS

TBC, Trishan Air, Inc., and Kerry Acquisitions, LLC (collectively the "Parties"), along with David Wittwer agreed to binding arbitration pursuant to a stipulation signed on June 2 and 3, 2014 ("Agreement"). *See* Declaration of Matthew L. Lalli ("Lalli Decl.") ¶ 2 and Exhibit 1 (Report of Preliminary Hearing and Scheduling Order No. at ¶ 4.); *see also* "Confidential Settlement Agreement," an unredacted copy of which has been filed under seal. The Settlement Agreement outlines the terms of the settlement and the amount of the settlement. Confidentiality is a material provision of the Agreement. It is necessary to file the Settlement Agreement under seal because the parties' interests in keeping the settlement terms and amount confidential overrides any public interest in knowing this amount. *Id*.

Pursuant to the Agreement, the Parties engaged in binding arbitration before the Honorable Irma E. Gonzalez (Ret.) (the "Arbitrator") on March 2-6, 2015, and March 9-10, 2015, in Los Angeles, California. Lalli Decl. ¶ 3. Following arbitration, the Arbitrator issued a Final Award on June 11, 2015, denying Claimants' claims and awarding TBC certain costs as prevailing party. *See* Final Award filed under seal pursuant to Local Rule 79-5.2.2(c). Lalli Decl. ¶ 4. The Final Award was served on

counsel for Trishan on or about June 12, 2015. *Id.* at ¶ 5.  Trishan has failed to remit payment for said costs. Thus, TBC petitions the Court to confirm the Arbitrator's Final Award, including costs. *Id.* at ¶ 6.

This dispute is governed by the laws of the State of California. Jurisdiction is proper in the United States District Court for the Central District of California.  Pursuant to JAMS Rule 25, the Parties have "consented that judgment upon the Award may be entered in any court having jurisdiction thereof." *Id.* at ¶ 9.  Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a)(1) in that the matter in controversy in Arbitration exceeded the sum or value of $75,000 exclusive of costs or interest and the action involved citizens of different states. *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005) (the "amount in controversy" requirement under 28 U.S.C. § 1332(a) for purposes of confirming or vacating an arbitration award is the amount sought in the complaint, not the amount actually awarded in arbitration).  *Id.* at ¶ 10.

## LEGAL STANDARD AND ANALYSIS

Local Rule 79-5.2 provides that "no case or document may be filed under seal without first obtaining approval by the Court." TBC seeks an order to file certain documents or portions of documents under seal that discuss or reference the terms of the parties' Settlement Agreement or any arbitration award pursuant to L.R. 79-5.2.2.

The United States Supreme Court has recognized a common law right of access to records in civil proceedings in *Nixon v. Warner Commc'ns ., Inc.*  "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. 589, 597 (1978). Nevertheless, this right is not absolute; parties may request the court to seal all or part of the record. *Id.* at 598. While not outlining all the factors to be considered in deciding whether public access is warranted, the Supreme Court stated that courts should weigh "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602.  The Supreme Court ultimately left the decision whether to seal a document to the discretion of the district court. *Id.* at 599.

The Ninth Circuit has set forth the standard for overriding the presumption in favor of access to court records, and allowing parties to seal documents filed with the court. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Those who seek to maintain the secrecy of documents attached to non-dispositive motions, a motion to seal may be granted on a showing of "good cause" under Federal Rules of Civil Procedure, Rule 26(c).[1] *Id.* (citing *Fotlz,* 331 F.3d at 1135); *see also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips, et al. v. GMC, et al*, 307 F.3d 1206, 1213 (9th Cir. 2002). Where good cause is shown, the court must balance the public's right to access the court files against the potential harm to the moving party's interests. *Kamakana,* 447 F.3d at 1180; *Phillips,* 307 F.3d at 1211. The public has less need for access to records attached to a non-dispositive motion because those records are only tangentially related to the underlying claim. *Kamakana,* 447 F.3d at 1179. Here, TBC applies for an order to seal the confidential settlement agreement.

The right to privacy is guaranteed by the United States Supreme Court. *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965). The California Constitution also recognizes a person's inalienable right to privacy. Cal. Const. Art. 1, § 1. Consequently, the California Appellate Court has found that confidential settlement agreements are entitled to privacy protection, and that a sufficient showing of compelling need for the information must be shown to entitle invasion of that protection. *Hinshaw v. Sup. Ct.*, 51 Cal. App. 4th 233, 242 (1996).

Finding that the parties had a paramount privacy interest in the confidential terms and private financial information contained in the settlement agreements, the *Hinshaw* court noted that "*the privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and therefore supports attendant needs for confidentiality*." *Hinshaw*, at 241. [emphasis added.] The court emphasized that its

---

[1] On the other hand, those who seek to maintain the secrecy of records attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz,* 331 F.3d at 1136). However, this case does not involve the protection of such records.

- 4 -

PETITIONER'S APP FOR SEAL ORDER RE SETTLEMENT AGREEMENT

21581617.1

decision was influenced by public policy favoring settlements and the parties' desire to keep the terms confidential. *Id*. at 242. In addition, the court found that a confidential settlement agreement was entitled to at least as much of a right of privacy as a bank account or tax information. *Id*. at 241.

Sealing the records in the present case is even less controversial than in *Hinshaw*; one of the *Hinshaw* parties had expressed an interest in obtaining the confidential settlement information. In contrast, TBC's Application in this case restricts the disclosure of information only to the public at large, who lacks a sufficient interest in the amount or terms of the settlement between private parties to override the parties' privacy interests in protecting this confidential information. The public's interest in knowing this information is virtually nil. In contrast, all parties have an interest in keeping the settlement amount private and have made the confidentiality provision a material term of the agreement. Further, TBC is unaware of any party that would oppose this Application. *See* Lalli Decl. at ¶ 12.

Because of these concerns, the personal financial information in the Settlement Agreement and any other documents containing the settlement amount, as well as all communications made to the Court during any hearing, pertaining to the settlement agreement should be permanently sealed.

The parties' Application does not restrict the public's knowledge about this case, but narrowly protects financial information that the parties wish to keep private. The proposed order is narrowly tailored to protect the parties' privacy interests. Indeed, this is the only method to protect and preserve these privacy interests. Because of these concerns, the Settlement Agreement should be sealed indefinitely.

## CONCLUSION

For the foregoing reasons, the parties respectfully requests that this Court order that the Settlement Agreement, and any communications made to the Court during a hearing, if at all, regarding the settlement amount – be sealed indefinitely.

| | | |
|---|---|---|
| 1 | Dated: March 18, 2016 | SNELL & WILMER L.L.P. |
| 2 | | |
| 3 | | By: /s Matthew L. Lalli |
| 4 | |     Matthew L. Lalli |
| 5 | |     Alina Mooradian |
| | |     Attorneys for Petitioner |
| 6 | |     The Buckner Company, Inc. |

- 6 -

PETITIONER'S APP FOR SEAL ORDER RE SETTLEMENT AGREEMENT

21581617.1

# CERTIFICATE OF SERVICE
THE BUCKNER COMPANY, INC., v. TRISHAN AIR, INC., et al
U.S.D.C. Case No. CASE NO. 2:16-cv-01698-DSF-PJW

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 S. Grand Avenue, Suite 2600, Los Angeles, CA 90071

    On March 18, 2016, I served, in the manner indicated below, the foregoing document described as: **PETITIONER THE BUCKNER COMPANY, INC.'S AMENDED APPLICATION FOR SEAL ORDER RE SETTLEMENT AGREEMENT AND FINAL AWARD** on the interested parties in this action:

## *[SEE ATTACHED SERVICE LIST]*

☐ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Los Angeles, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

☐ BY FACSIMILE: I caused such document to be sent via facsimile transmission to the offices of the above-referenced addressees (C.C.P. § 1013(e)(f)).

☐ BY E-MAIL: I caused such document to be delivered by electronic service as it has been authorized and agreed upon by Rule 2.251 of the California Rules of Court.

☐ BY FEDERAL EXPRESS/ OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒ BY PERSONAL SERVICE: I caused such envelopes to be delivered by hand to Plaintiff's Counsel. (C.C.P. § 1011(a)(b)).

☐ BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on March 18, 2016, at Los Angeles, California.

*/s/ Emily Hall*
Emily Hall

**CERTIFICATE OF SERVICE**
THE BUCKNER COMPANY, INC., v. TRISHAN AIR, INC., et al
U.S.D.C. Case No. CASE NO. 2:16-cv-01698-DSF-PJW

| Brigham J. Ricks<br>209 E. Pedregosa Street<br>Santa Barbara, CA 93101 | **AGENT FOR SERVICE OF PROCESS**<br><br>Trishan Air, Inc. and Kerry Acquisitions, LLC |
|---|---|

Snell & Wilmer
L.L.P.
LAW OFFICES
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1547
(801) 257-1900